IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDUARDO LIMON,<br>    *Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:23-CV-00798-SH |
| WALMART, INC.,<br>    *Defendant* | §<br>§ | |

## ORDER

Before the Court is Defendant Walmart, Inc.'s Motion for Summary Judgment (Dkt. 23), filed September 27, 2024; Plaintiff Eduardo Limon's Response (Dkt. 24), filed October 11, 2024; and Defendant's Reply (Dkt. 25), filed October 18, 2024.

### I.  Background

Plaintiff Eduardo Limon alleges that while he was shopping at a Walmart, Inc. store on January 4, 2022 in Lockhart, Texas, he slipped and fell on shampoo on the floor and suffered injuries. Original Petition, Dkt. 1-2 ¶¶ 10-16. Limon sued Walmart in Texas state court, asserting claims for premises liability and negligence under the doctrine of *respondeat superior*. *Id.* ¶¶ 21-35. Limon alleges that "Defendant was or should have been aware of the shampoo spilled on the floor" and that "Defendant had not placed a caution sign at or near the spilled shampoo." *Id.* ¶¶ 13, 15.  He also alleges that Walmart breached its duty to use ordinary care to prevent the spill from becoming a "dangerous condition." *Id.* ¶¶ 25-26.

Walmart removed the case to this Court based on diversity jurisdiction, Dkt. 1 at 3, and now moves for summary judgment on both Limon's negligence and premises liability claims.

### II.  Legal Standard

Summary judgment shall be rendered under Rule 56(a) when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v.*

1

*Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508.

Once the moving party has shown the absence of a genuine issue of material fact, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 585 n.10, 586-87. If the nonmoving party fails to make a showing sufficient to establish an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.  Analysis

Limon contends that summary judgment should be denied because genuine issues of material fact exist as to both his negligence and premises liability claims.

**A. Premises Liability**

Under Texas law, premises owners generally "have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citation omitted). But an owner "generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015). To prevail on a premises liability claim, a plaintiff must show:

(1) The property owner had actual or constructive knowledge of the condition causing the injury;
(2) The condition posed an unreasonable risk of harm;

>   (3) The property owner failed to take reasonable care to reduce or eliminate the risk; and
>
>   (4) The property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of the plaintiff's injuries.

*McCarty*, 864 F.3d at 358 (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014)).

Walmart argues Limon has not shown that it had actual or constructive knowledge that shampoo was spilled on the floor. In a slip-and-fall case, a plaintiff can satisfy the knowledge element by showing that (1) the defendant placed the slippery substance on the floor; (2) the defendant actually knew that the slippery substance was on the floor; or (3) the slippery substance was on the floor long enough to give the defendant a reasonable opportunity to discover it. *Id.* To prove any of these propositions, a plaintiff may rely on either direct or circumstantial evidence. *Garcia v. Wal-Mart Stores Texas, L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018).

Limon satisfies none of these theories. First, he neither alleges nor offers evidence that Walmart spilled the shampoo on the floor. Limon testified at deposition that he slipped in the shampoo aisle, but admitted that he did not know how long the spill had been on the floor and that no Walmart employee told him where it came from or how it got there. Limon Tr. at 59:11-21, Dkt. 23 at 26. There is no genuine issue of material fact that Walmart put the shampoo on the floor.

Nor does Limon offer any evidence that Walmart or its employees actually knew the shampoo was on the floor before he slipped. Although Limon alleges that Walmart "was or should have been aware" of the spill, Dkt. 1-2 ¶ 13, he does not argue in his Response that Walmart had actual knowledge of the spill, addressing only Walmart's constructive knowledge. Nor did Limon testify that a Walmart employee saw or was told about the spill. To the contrary, Limon states in his Response that when Walmart employee Alex Ruiz walked in the aisle, he "failed to do a visual sweep of the aisle, completely neglecting to look down to scan the floor or look in the direction of the spill." Dkt. 24 at 17. Limon has not shown that Walmart had actual knowledge.

3

For his claim to survive summary judgment, therefore, Limon must show a genuine issue of fact as to constructive knowledge. To show constructive knowledge, a plaintiff must establish that it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Garcia*, 893 F.3d at 279. This has been called the "time-notice rule." *Martinez v. Home Depot U.S.A., Inc.*, No. SA-21-CV-00841-XR, 2023 WL 2874452, at *5 (W.D. Tex. Apr. 10, 2023). The length of time considered reasonable varies based on the facts and circumstances, and courts consider not just how long the condition existed but also how close employees were to it and how conspicuous it was. *Britt v. Walgreen Co.*, No. 1:19-CV-781-RP, 2022 WL 3135302, at *2 (W.D. Tex. Aug. 5, 2022) ("Thus, when determining whether a defendant had constructive knowledge of a hazardous condition, a court must consider evidence of (1) longevity; (2) proximity, and (3) conspicuity."). In all cases, "there must be *some* proof of how long the hazard was there before liability can be imposed on the premises owner." *McCarty*, 864 F.3d at 359-60 (citation omitted).

There is no evidence how long the shampoo was on the floor. Limon speculates that two boys may have caused the spill because video shows them taking bottles off a shelf and holding them upside down about thirty minutes before Limon's fall. Dkt. 24 at 8-11. He argues that a factfinder could reasonably infer that the spill occurred then. But an inference is not reasonable if it is based on mere suspicion, and mere suspicion cannot carry Limon's burden to establish a genuine fact issue. *Lozano v. Walgreen Co.*, No. 1-22-CV-497-DII, 2023 WL 3593195, at *4 (W.D. Tex. May 22, 2023), *R. & R. adopted*, 2023 WL 4096742 (W.D. Tex. June 20, 2023). The video does not show the boys spilling the shampoo on the floor. And after the boys allegedly spilled the shampoo, the video shows customers passing through the same general area of the aisle more than fifteen times over some thirty minutes without appearing to notice the spill or slip on it. Cosmetics

4

EPVM 04 Video at 5:27:14-5:56:50, Dkt. 24-1 at 390. Finally, the video also shows other small children handling bottles in the same area shortly before Limon's fall. *Id.* at 5:57:10. Limon does not meet his burden to show how long the shampoo was in the aisle.

Nor did Limon introduce any evidence that the spill was conspicuous. The record shows it was not. Pictures indicate that the spill was a clear liquid, and Limon testified that "it was very clear to the point where you could see the concrete. It looked just like the concrete. You couldn't even really tell unless you looked hard there was a puddle there of shampoo." Dkt. 24-1 at 391-95; Limon Tr. at 54:17-21, Dkt. 23 at 25. Limon also testified that he first passed the spill without noticing it, before he walked in the area again and slipped. Limon Tr. at 55:10-11, Dkt. 23 at 25.

Walmart employee Ruiz walked in the aisle of the spill as little as fourteen minutes before Limon's fall, which Limon contends supports constructive knowledge. Dkt. 24 at 12-13. But Ruiz's alleged proximity to the spill, without more, does not show constructive knowledge. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) ("An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it.").

Limon also relies on Walmart's safety sweep policy to support constructive knowledge, arguing that employees' "ignorance of Walmart's policies led to ignorance of the spill." Dkt. 24 at 6. Limon contends that, had employees followed Walmart policies to conduct regular safety sweeps, "it is at a minimum more likely than not that Alex Ruiz or another employee would have discovered the spill." Dkt. 24 at 19. He argues that a factfinder could infer that the spill occurred more than an hour before his fall because no employee conducted a sweep during that time.

5

Walmart's policies cannot be used to increase its standard of care. *See Garcia*, 893 F.3d at 281 (finding that store policies about floor cleaning did not "escalate the standard of care"). Nor do the policies support constructive knowledge. *See Reece*, 81 S.W.3d at 816 (holding that store's policy to keep store free from hazards did not support constructive knowledge). Walmart's policies, and its employees' alleged failure to adhere to them, does not establish how long the spill was in the aisle, which Limon must show to prove constructive knowledge.

"Actual or constructive knowledge is an essential element of a premises liability claim." *Benedetti v. Wal-Mart Stores Tex., L.L.C.*, No. 5:16-CV-604-DAE, 2018 WL 2996900, at *3 (W.D. Tex. Apr. 12, 2018). Limon's theories about the timing of the spill are not proof how long the shampoo was there. Walmart cannot be held liable based on circumstantial evidence that supports only the possibility that the spill existed long enough to give its employees a reasonable opportunity to discover it. *McCarty*, 864 F.3d at 360.

Because Limon has not shown that Walmart had actual or constructive knowledge of a hazardous condition, the Court **GRANTS** summary judgment for Walmart on Limon's premises liability claim.

**B. Negligence**

In the alternative, Limon alleges that his injury resulted from "an ongoing negligent activity on the premises at the time of the injury." Dkt. 1-2 ¶ 29. Walmart argues that Limon's negligence claim is precluded because his alleged injury "arose from an alleged condition of the property, not from any contemporaneous act by Defendant or its agents." Dkt. 23 at 7-8. Limon responds that premises liability and negligence claims do not preclude one another under Texas law, and that his premises liability evidence could also support his negligence claim.

6

While the lines between negligence and premises liability "are sometimes unclear," a negligence claim against a property owner generally requires "affirmative, contemporaneous conduct by the owner that caused the injury," while premises liability encompasses "the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010).

Limon alleges no contemporaneous conduct by Walmart that caused his injury. He argues that the evidence he cited to support his premises liability claim "could be construed as affirmative, contemporaneous conduct under a negligence claim." Dkt. 24 at 20. But his premises liability claim centers on his allegations that Walmart employees failed to act, not that they committed affirmative actions related to the shampoo spill.

The Court finds that Limon raises no genuine issue of material fact as to Walmart's affirmative conduct and **GRANTS** summary judgment for Walmart on Limon's negligence claim.

## IV.  Order

The Court **GRANTS** Defendant Walmart Inc.'s Motion for Summary Judgment (Dkt. 23) and **ORDERS** that Plaintiff Eduardo Limon's negligence and premises liability claims against Walmart are **DISMISSED WITH PREJUDICE**.

The Court will enter final judgment in a separate order.

**SIGNED** on November 22, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE